1

2

3

4

5           UNITED STATES DISTRICT COURT

6           EASTERN DISTRICT OF WASHINGTON

7   KAMERON ROCHA,

8                    Plaintiff,          NO: 1:14-CV-3186-TOR

9        v.                              ORDER GRANTING PLAINTIFF'S
                                         MOTION FOR SUMMARY
10  CAROLYN W. COLVIN, Acting            JUDGMENT
    Commissioner of Social Security
11  Administration,

12                   Defendant.

13

14        BEFORE THE COURT are the parties' cross-motions for summary

15  judgment (ECF Nos. 14, 25).  These matters was submitted for consideration

16  without oral argument.  The Court—having reviewed the administrative record and

17  the parties' completed briefing—is fully informed.  For the reasons discussed

18  below, the Court grants Plaintiff's motion and denies Defendant's motion.

19  ///

20  ///

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 1

**JURISDICTION**

The Court has jurisdiction over this case pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).

**STANDARD OF REVIEW**

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited: the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158-59 (9th Cir. 2012) (citing 42 U.S.C. § 405(g)). "Substantial evidence" means relevant evidence that "a reasonable mind might accept as adequate to support a conclusion." *Id.* at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether this standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012). Further, a district

court "may not reverse an ALJ's decision on account of an error that is harmless." *Id*. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id.* at 1117 (internal quotation marks and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## FIVE-STEP SEQUENTIAL EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. §§ 404.1520(a)(4)(i),

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 3

416.920(a)(4)(i).  If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled.  20 C.F.R. §§ 404.1520(b), 416.920(b).

If the claimant is not engaged in substantial gainful activities, the analysis proceeds to step two.  At this step, the Commissioner considers the severity of the claimant's impairment.  20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).  If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three.  20 C.F.R. §§ 404.1520(c), 416.920(c).  If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled.  *Id.*

At step three, the Commissioner compares the claimant's impairment to several impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity.  20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).  If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits.  20 C.F.R. §§ 404.1520(d), 416.920(d).

If the severity of the claimant's impairment does meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity."  Residual functional capacity ("RFC"),

1    defined generally as the claimant's ability to perform physical and mental work

2    activities on a sustained basis despite his or her limitations (20 C.F.R. §§

3    404.1545(a)(1), 416.945(a)(1)), is relevant to both the fourth and fifth steps of the

4    analysis.

5        At step four, the Commissioner considers whether, in view of the claimant's

6    RFC, the claimant is capable of performing work that he or she has performed in

7    the past ("past relevant work").  20 C.F.R. §§ 404.1520(a)(4)(iv),

8    416.920(a)(4)(iv).  If the claimant is capable of performing past relevant work, the

9    Commissioner must find that the claimant is not disabled.  20 C.F.R. §§

10   404.1520(f), 416.920(f).  If the claimant is incapable of performing such work, the

11   analysis proceeds to step five.

12       At step five, the Commissioner considers whether, in view of the claimant's

13   RFC, the claimant is capable of performing other work in the national economy.

14   20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).  In making this determination,

15   the Commissioner must also consider vocational factors such as the claimant's age,

16   education, and work experience.  *Id.*  If the claimant is capable of adjusting to

17   other work, the Commissioner must find that the claimant is not disabled.  20

18   C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).  If the claimant is not capable of

19   adjusting to other work, the analysis concludes with a finding that the claimant is

20   disabled and is therefore entitled to benefits.  *Id.*

The claimant bears the burden of proof at steps one through four above. *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy." 20 C.F.R. §§ 404.1560(c), 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

In May 2012, Plaintiff filed applications for disability insurance benefits and supplemental security income, alleging a disability onset date of December 28, 2011.[1] Tr. 266-72, 273-80. These applications were denied initially and upon reconsideration, Tr. 156-62, 168-79, and Plaintiff requested a hearing, Tr. 180-81. A hearing was held with an Administrative Law Judge ("ALJ") on July 16, 2013. Tr. 41-67. On August 7, 2013, the ALJ issued a decision denying Plaintiff benefits. Tr. 19-40.

As a threshold issue, the ALJ found that Plaintiff met the insured status requirements of Title II of the Social Security Act through December 31, 2011. Tr.

---

[1] Plaintiff's applications initially alleged an onset date of December 28, 2009. Tr. 266, 273. However, Plaintiff amended her onset date to December 28, 2011. Tr. 44-45, 232-33.

24.  At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since December 28, 2011, the alleged onset date.  Tr. 24.  At step two, the ALJ found that Plaintiff had the following severe impairments: scoliosis and degenerative disc disease, headaches, borderline intellectual functioning, affective disorder, and attention deficit disorder.  Tr. 24-25.  At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment.  Tr. 25-26.  The ALJ then determined that Plaintiff had the RFC

> to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except . . . [the claimant] can stand and/or walk for about 6 hours in up to 30 minute increments and sit for about 6 hours in an 8 hour work day with normal breaks (i.e., a break every two hours), and can lift, carry, push, and pull within light exertional limits. The claimant can frequently climb ramps and stairs, stoop, kneel, crouch and crawl, and can occasionally climb ladders and scaffolds. The claimant can perform work in which concentrated exposure to vibration and hazards is not present. In order to meet ordinary and reasonable employer expectations regarding attendance, workplace behavior and production, the claimant can perform unskilled, routine, and repetitive work.

Tr. 26-32.  At step four, the ALJ found Plaintiff unable to perform past relevant work.  Tr. 32.  At step five, the ALJ found—considering Plaintiff's age, education, work experience, and RFC—that Plaintiff could perform jobs that exist in significant numbers in the national economy, such as assembler and agricultural produce sorter.  Tr. 33-34.  In light of the step five finding, the ALJ concluded that

Plaintiff was not disabled under the Social Security Act and denied her claims on that basis.  Tr. 34.

The Appeals Council denied Plaintiff's request for review on October 2, 2014, making the ALJ's decision the Commissioner's final decision for purposes of judicial review.  Tr. 1-4; 20 C.F.R. §§ 404.981, 416.1484, 422.210.

## ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying her disability benefits and supplemental security income under Titles II and XVI of the Social Security Act.  While Plaintiff raises three issues in her motion, ECF No. 14, the Court concludes the ALJ erred in failing to properly evaluate the medical opinion evidence.  Therefore, this case is remanded for further proceedings.

## DISCUSSION

### A. Medical Opinion Evidence

There are three types of physicians: "(1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant but who review the claimant's file (nonexamining or reviewing physicians)." *Holohan v. Massanari*, 246 F.3d 1195, 1201-02 (9th Cir. 2001) (brackets omitted). "Generally, a treating physician's opinion carries more weight than an examining physician's, and an examining physician's opinion carries more weight than a

1   reviewing physician's." *Id.* at 1202. "In addition, the regulations give more

2   weight to opinions that are explained than to those that are not, and to the opinions

3   of specialists concerning matters relating to their specialty over that of

4   nonspecialists." *Id.* (citations omitted).

5           If a treating or examining physician's opinion is uncontradicted, an ALJ may

6   reject it only by offering "clear and convincing reasons that are supported by

7   substantial evidence." *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005).

8   "However, the ALJ need not accept the opinion of any physician, including a

9   treating physician, if that opinion is brief, conclusory, and inadequately supported

10  by clinical findings." *Bray v. Comm'r of Soc. Sec. Admin*, 554 F.3d 1219, 1228

11  (9th Cir. 2009) (internal quotation marks and brackets omitted). "If a treating or

12  examining doctor's opinion is contradicted by another doctor's opinion, an ALJ

13  may only reject it by providing specific and legitimate reasons that are supported

14  by substantial evidence." *Bayliss*, 427 F.3d at 1216 (citing *Lester v. Chater*, 81

15  F.3d 821, 830-31 (9th Cir. 1995)).

16          "Where an ALJ does not explicitly reject a medical opinion or set forth

17  specific, legitimate reasons for crediting one medical opinion over another, he

18  errs." *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014). "In other words, an

19  ALJ errs when he rejects a medical opinion or assigns it little weight while doing

20  nothing more than ignoring it, asserting without explanation that another medical

opinion is more persuasive, or criticizing it with boilerplate language that fails to offer a substantive basis for his conclusion." *Id.* at 1012-13.  That being said, the ALJ is not required to recite any magic words to properly reject a medical opinion. *Magallanes v. Bowen*, 881 F.2d 747, 755 (9th Cir. 1989) (holding that the Court may draw reasonable inferences when appropriate).  "An ALJ can satisfy the 'substantial evidence' requirement by 'setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings.'" *Garrison*, 759 F.3d at 1012 (quoting *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998)).

Plaintiff faults the ALJ for improperly weighing (1) the joint opinion of treating physician assistant Ms. Hohman and supervising physician Dr. Jach, (2) the opinion of non-examining state agency psychological consultant Dr. Bailey, (3) and the opinion of examining psychologist Dr. Toews.  ECF No. 14 at 10-18. Plaintiff also faults the ALJ for failing entirely to consider the opinion of treating chiropractor Mr. Smithson.  *Id.* at 19-20.

Most erroneously, the ALJ wholly failed to consider the limitations opined by Plaintiff's treating chiropractor, Stuart Smithson.  Mr. Smithson submitted a letter in June 2012 on Plaintiff's behalf along with her treatment records.  Tr. 624-633.  In this letter, Mr. Smithson noted that Plaintiff received a total of 18 treatments for spinal problems between August 23, 2011, and December 1, 2011.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 10

1   Tr. 624. Mr. Smithson opined that Plaintiff is unable to sit or stand immobile for

2   more than 30 minutes without experiencing a significant increase in back pain,

3   unable to lift more than 20 pounds, and able to bend and squat only infrequently.

4   Tr. 624.

5         As an initial matter, chiropractors are categorized as medical sources who

6   are not "acceptable medical sources." SSR 06-03p, 2006 WL 2329939, at *2.

7   Instead, they constitute "other sources." *Molina*, 674 F.3d at 1111. While the ALJ

8   may discount the opinions of "other sources" by providing germane reasons for

9   doing so, *id.*, the Social Security Regulations emphasize the importance of

10   evaluating these opinions on "key issues such as impairment severity and

11   functional effects." SSR 06-03p, 2006 WL 2329939, at *3. Such "other source"

12   opinions can be evaluated based on (1) how long the source has known and how

13   frequently the source has seen the individual, (2) how consistent the opinion is

14   with other evidence, (3) the degree to which the source presents relevant evidence

15   to support an opinion, (4) how well the source explains the opinion, and (5)

16   whether the source has a specialty or area of expertise related to the individual's

17   impairment. *Id.* at *4

18         Where an ALJ does not explicitly reject a medical opinion, she errs.

19   *Garrison*, 759 F.3d at 1012. And despite the Government's argument to the

20

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 11

contrary, ECF No. 25 at 19-20, this Court cannot conclude that this error was harmless.

First, this opinion, if credited, would have resulted in a different RFC finding and affected the ultimate non-disability finding.  Contrary to Mr. Smithson's opinion regarding Plaintiff's functional limitations, the ALJ found that Plaintiff could stand and/or walk for about 6 hours in up to 30 minute increments and sit for about 6 hours in an 8 hour work day and can stoop, kneel, crouch, and crawl frequently.  Tr. 26.

Second, Mr. Smithson's opinion was supported by the joint opinion of Dr. Jach and Ms. Hohman, which the ALJ also improperly rejected.  Dr. Jach and Ms. Hohman cosigned a physical capacities questionnaire in May 2013.[2]  Tr. 670-73.

---

[2] The ALJ attributes this opinion to Ms. Hohman; however, the parties note that the opinion was cosigned by Dr. Jach.  ECF Nos. 14 at 12 n.2; 25 at 17.  An other source, such as a physician assistant, may be considered a medically acceptable source "where he worked so closely under a physician that he was acting as the physician's agent."  *Britton v. Colvin*, 787 F.3d 1011, 1013 (9th Cir. 2015).  Because this Court finds the ALJ failed to provide even germane reasons for rejecting this opinion, it need not determine whether the ALJ was required to give this opinion the deference due the opinion of a treating acceptable medical source.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 12

Dr. Jach and Ms. Hohman opined that Plaintiff was restricted to lift and carry a maximum of ten pounds occasionally and could stand/walk and sit for less than two hours each in an eight-hour workday.  Tr. 670.  Like Mr. Smithson, Ms. Hohman is not an "acceptable medical source" because she is a physician assistant; however, she is still a medical source and served as Plaintiff's treatment provider. Tr. 30.

Although the Government contends it is reasonable to conclude that the ALJ would have discredited Mr. Smithson's opinion just as she discredited Dr. Jach and Ms. Hohman's joint opinion, ECF No. 25 at 19-20, this Court is unable to draw that inference.  Importantly, the ALJ rejected Dr. Jach and Ms. Hohman's joint opinion, in part, because it was inconsistent with treatment records.  However, the ALJ failed to consider Mr. Smithson's opinion and submitted records, which provide medical support for Dr. Jach and Ms. Hohman's joint statement.  As noted above, the ALJ should consider how consistent an opinion is with other evidence when evaluating medical opinions from acceptable medical sources and other sources alike.  SSR 06-03p, 2006 WL 2329939, at *4.

The other reasons the ALJ put forward for rejecting the joint opinion of Dr. Jach and Ms. Hohman can also be rejected.  Dr. Jach and Ms. Hohman did not believe that Plaintiff was only temporarily disabled: Ms. Hohman wrote Plaintiff a note to receive temporary coupons from DSHS and indicated that Plaintiff receive

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 13

further treatment before being classified as permanently disabled.  Tr. 668.

Relatedly, Plaintiff's failure to receive treatment was not unexplained or

inadequately unexplained.  Plaintiff's inability to afford treatment is mentioned

throughout the record.  Tr. 614 ("Plaintiff has no insurance. She would be a good

candidate for the pain clinic but would not be able to afford it."), 653 (noting that

clamant "cannot afford any medical treatment for herself"), 657 ("Kameron has no

medical insurance and cannot afford the cost for medical care."), 659 (same), 667

("[P]atient has no insurance and therefore has not been able to be referred to the

chronic pain clinic.").  Although the ALJ noted that Plaintiff told one provider that

she did not think she could attend a chronic pain clinic because of her son's

baseball schedule, Tr. 30, a statement Plaintiff denied making, the ALJ failed to

comment on Plaintiff's inability to afford treatment when noting that she delayed

seeking counseling and declined to participate in a chronic pain group.

    While Mr. Smithson treated Plaintiff before the alleged onset date, this fact

only limits the relevance of his opinion.  *Carmickle v. Comm'r Soc. Sec. Admin.*,

533 F.3d 1155 (9th Cir. 2008).  Indeed, the ALJ afforded significant weight to the

opinion of Dr. Toews, who similarly evaluated Plaintiff in the months before her

alleged onset date of disability.  *See* Tr. 31.

    Accordingly, this Court finds the ALJ erred in her assessment of the medical

evidence—namely, her evaluation of the opinions on Mr. Smithson, Ms. Hohman,

1    and Dr. Jach.  Further, the Court does not find that these errors harmless.  *See*

2    *Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th Cir. 2015) (reiterating that "a reviewing

3    court cannot consider [an] error harmless unless it can confidently conclude that no

4    reasonable ALJ, when fully crediting the testimony, could have reached a different

5    disability determination" (quoting *Stout v. Comm'r Soc. Sec.*, 454 F.3d 1050, 1055-

6    56 (9th Cir. 2006))).

7        **B. Remedy**

8        In the event of reversible error, the parties disagree as to the appropriate

9    remedy.  Plaintiff urges this Court to reverse for an immediate award of benefits.

10   ECF No. 14 at 33.  The Government, on the other hand, asserts that the proper

11   remedy should be to remand for further proceedings.  ECF No. 25 at 21.

12       "When an ALJ's denial of benefits is based upon legal error or not supported

13   by the record, the proper course, except in rare circumstances, is to remand to the

14   agency for additional investigation or explanation."  *See Hill*, 698 F.3d at 1162

15   (internal quotation marks omitted).  "Remand for further proceedings is

16   appropriate where there are outstanding issues that must be resolved before a

17   determination can be made, and it is not clear from the record that the ALJ would

18   be required to find the claimant disabled if all the evidence were properly

19   evaluated."  *Id.*  The Ninth Circuit's "credit-as-true" rule, on the other hand, directs

20   that remand for an award of benefits is appropriate when

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 15

1
2
3
4

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

5

*Garrison*, 759 F.3d at 1020.  Even when all conditions of the credit-as-true rule are

6

satisfied, a court is required to remand for further proceedings when an evaluation

7

of the record as a whole creates serious doubt that a claimant is, in fact, disabled.

8

*Id.* at 1021.

9

Here, there are outstanding issues that must be resolved and it is unclear that

10

Plaintiff would be found disabled if all the evidence were properly evaluated.  By

11

failing to properly evaluate the medical opinion evidence, the entire complexion of

12

the case has changed.  Whether, when the evidence in the record as a whole is

13

properly evaluated, Plaintiff's physical and mental limitations impair her ability to

14

perform basic work activities must yet be resolved.  In making this determination,

15

the Commissioner must properly evaluate the opinions of the medical sources,

16

including "acceptable medical sources" and "other sources," as defined under the

17

regulations.  Whether a proper evaluation of the medical opinions can be

18

reconciled with the ALJ's existing adverse credibility determination or any of the

19

other remaining issues in the case is for the Commissioner to decide in the first

20

instance.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 16

Upon remand, the ALJ should further develop the record and issue a new decision. The ALJ should reevaluate all of Plaintiff's impairments; Plaintiff's credibility; all medical and non-medical source opinions; Plaintiff's RFC; and, if necessary, Plaintiff's ability to perform work at steps four and five. Plaintiff may present new arguments and evidence, and the ALJ may conduct further proceedings as necessary.

**ACCORDINGLY, IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment (ECF No. 14) is **GRANTED**.

2. Defendant's Motion for Summary Judgment (ECF No. 25) is **DENIED**.

3. Pursuant to sentence four of 42 U.S.C. § 405(g), this action is **REVERSED** and **REMANDED** to the Commissioner for further proceedings consistent with this Order.

4. The District Court Executive is directed to file this Order, enter **JUDGMENT** for Plaintiff, provide copies to counsel, and **CLOSE** the file.

**DATED** July 20, 2016.



THOMAS O. RICE
Chief United States District Judge